UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| WILLIAM J. SCHEIB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-416 |
| | ) | (VARLAN/SHIRLEY) |
| RETIREMENT PROGRAM PLAN FOR | ) | |
| EMPLOYEES OF CERTAIN EMPLOYERS | ) | |
| AT THE UNITED STATES DEPARTMENT | ) | |
| OF ENERGY FACILITIES AT | ) | |
| OAK RIDGE, TENNESSEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is now before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the Order [Doc. 16] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of Plaintiff's Motion to Stay Briefing Schedule [Doc. 15] filed on June 1, 2010. The parties appeared before the undersigned for a hearing on the Motion on July 12, 2010. Attorney Tony R. Dalton was present on behalf of the Plaintiff. Attorney John C. Burgin was present on behalf of the Defendants.

The parties have filed cross motions for judgment on the administrative record in this case. The Defendants' Motion [Doc. 13] was filed on May 20, 2010. Pursuant to Rule 12(a), Fed. R. Civ. P., and this Court's Local Rule 7.1(a), the Plaintiff had until June 10, 2010, to respond. On June 1, 2010, the Plaintiff filed the instant motion requesting that the briefing schedule be stayed so that he

-1-

could conduct limited discovery regarding "the financial health and stability" of the retirement program plan at issue in this case ("the Plan"). [Doc. 15 at 3]. The Plaintiff submitted a set of Interrogatories and Requests for Production of Documents [Doc. 15-1] along with his motion. At the July 12 hearing, the Plaintiff explained that he is seeking fifteen days from the date he receives the requested documents and interrogatory responses to file his response to the Defendants' Motion for Judgment on the Administrative Record.

The Defendants oppose the Plaintiff's request for leave to conduct limited discovery. They argue that the financial health and stability of the Plan is irrelevant to the District Court's resolution of this case. Accordingly, the Defendants conclude that additional discovery is inappropriate.

The Court agrees with the Defendants and finds that the question presented by the Plaintiff's Complaint [Doc. 1] in this case is purely one of retirement program plan interpretation. Plaintiff contends that the Plan entitles him to "rollover" the balance of his pension benefits to a qualified individual retirement account. [Doc. 1 at 5, para. 22]. Plaintiff requested that the administrator of the Plan execute such a "rollover," and the request was denied. See [Doc. 1 at 3-4]. Plaintiff appealed the denial of his request to the Administrative Committee. [Doc. 1 at 4, para. 15]. After the Administrative Committee also denied his request, the Plaintiff filed this action.

The Defendants contend that the Plan does not permit the Plaintiff to "rollover" the balance of his pension benefits. They assert that the Plan "only authorizes benefits be paid in the form of a monthly annuity." [Doc. 17 at 2]. Accordingly, the Defendants' Motion for Judgment on the Administrative Record asks the Court to dismiss the Plaintiff's Complaint because the Plan administrator "acted within its discretion in interpreting [the Plan] as not authorizing the form of benefit" sought by the Plaintiff. [Doc. 13 at 1].

The question for the District Court's resolution is whether the Plan administrator's interpretation of the Plan was correct. When a court must determine the proper interpretation of a retirement program plan in accordance with the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, the financial health and stability of the plan is irrelevant to the determination. See Myers v. Prudential Ins. Co. of Am., 581 F. Supp. 2d 904, 913 (E.D. Tenn. 2008) ("Normally, in ERISA benefits denial cases, matters outside the administrative record are not discoverable because they are irrelevant to the overriding issue in such cases: Did the plan administrator act correctly in denying benefits based on the terms of the plan and the record before him?") (citing Wilkins v. Baptist Healthcare Sys., Inc.,150 F.3d 609, 615 (6th Cir. 1998)).

In this case, the Plaintiff appears to understand that any discovery regarding the financial health and stability of the Plan will be irrelevant to the District Court's resolution of his claim. The Plaintiff states in his Motion to Stay Briefing Schedule that he "believes that the financial condition of [the Plan] is not a proper consideration for the court." [Doc. 15 at 4]. And at the July 12 hearing, the Plaintiff argued that the proper interpretation of the Plan's terms is independent from the financial consequences of that interpretation.

Moreover, the Court finds that the several of the Plaintiff's interrogatories have been answered by the Defendants' motion papers and the in-court representations of defense counsel. At the July 12 hearing, the Plaintiff agreed that questions 1, 2, and 8 had been sufficiently answered by the Defendants. See [Doc. 15-1]; [Doc. 17 at 3] (providing the Defendants' answer to questions 1 and 2); [Doc. 17 at 14] (providing the Defendants' answer to question 8). The Court also finds that the Plaintiff's primary request for production of documents, request 2, [Doc. 15-1 at 3], has been sufficiently satisfied. The Plaintiff requested the production of "end-of-fiscal-year balance sheets

or financial statements for the plan for each year from 1984 to the present." [Doc. 15-1 at 3]. This request was satisfied with respect to fiscal years 2001 through 2009 by the Defendants' provision of information about publicly available websites displaying the Plan's financial statements. See [Doc. 17 at 11-12].

The Court concludes that the Plaintiff has not demonstrated that the additional discovery he requests is relevant to his ERISA claim. Thus, the Plaintiff's Interrogatories and Requests for Production of Documents [Doc. 15-1] are outside of the scope of permissible discovery in this case. See Fed. R. Civ. P. 26(b)(1). Accordingly, the Plaintiff's Motion to Stay Briefing Schedule **[Doc. 15]** is **DENIED**.

Because no need for additional discovery has been demonstrated, the Plaintiff should be prepared to respond to the Defendant's Motion for Judgment on the Administrative Record [Doc. 13]. The Court grants the Plaintiff up to and including **July 29, 2010**, to file a response.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge